**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**

**INGERSOLL-RAND COMPANY**,

         Plaintiff,

  vs.                                Case No.:  3:05-cv-00284-RV-MD

**AIR POWER SERVICES, INC.**,

         Defendant.

**CONSENT JUDGMENT AND PERMANENT INJUNCTION**

This matter, having come on for consideration upon the complaint of the plaintiff, Ingersoll-Rand Company ("IR") for trademark infringement, unfair competition, and trademark dilution and the parties having agreed to the entry of this Consent Judgment and Permanent Injunction ("Judgment") against Air Power Services, Inc. ("Defendant") under the terms provided herein:

1. The Court accordingly finds as follows:  This Court has jurisdiction over this action under the laws of the United States, 15 U.S.C. § 1051 *et seq.*, and 28 U.S.C. §§ 1331 and 1338 and over the parties to this action.

2. IR is the owner of the following trademarks and United States registrations therefor (the "IR Marks"):

| **Mark** | **Registration Number** | **Registration Date** |
|---|---|---|
| IR (Stylized) | 0580703 | October 6, 1953 |

| | | |
|---|---|---|
| IR (Stylized) | 0763450 | January 21, 1964 |
| IR (Stylized) | 0572901 | April 7, 1953 |
| IR (Typed Drawing) | 2511763 | November 27, 2001 |
| IR (Typed Drawing) | 2598790 | July 23, 2002 |
| IR (Typed Drawing) | 2782245 | November 11, 2003 |
| INGERSOLL-RAND (Stylized) | 0577554 | July 21, 1953 |
| INGERSOLL-RAND (Stylized) | 0579758 | September 8, 1953 |
| INGERSOLL-RAND (Stylized) | 1036550 | March 30, 1976 |
| INGERSOLL-RAND (Stylized) | 1841586 | June 28, 1994 |

3. IR has also registered on the Principal Register the trademark ULTRA COOLANT, United States Reg. No. 2585514.

4. IR contends that:

   a. Defendant's use of the IR Marks and the ULTRA COOLANT mark has caused confusion, mistake and deception as to whether Defendant is affiliated with, authorized or sponsored by IR and as to whether certain of Defendant's products are manufactured by, offered by, sponsored by, or associated with IR;

   b. Defendant's use of the IR Marks and the ULTRA COOLANT mark constitutes trademark infringement, unfair competition, and trademark dilution;

   c. Any improper Defendant's continued use of the IR Marks and the ULTRA COOLANT mark is likely to continue to cause confusion and mistake and would continue to constitute trademark infringement, unfair competition, and trademark dilution;

   d. Defendant's use of IR's Material Safety Data Sheets ("MSDS") in connection with its own products has caused and will continue to

cause confusion, mistake and deception as to whether Defendant is affiliated with, authorized or sponsored by IR and as to whether certain of Defendant's products are manufactured by offered by, sponsored by, or associated with IR. Defendant's use of IR's Material Safety Data Sheets constitutes trademark infringement, unfair competition, and trademark dilution.

5. Defendant denies the foregoing allegations and contentions of IR.

6. IR and Defendant have agreed and stipulated to the entry of this Consent Judgment and Permanent Injunction ("Judgment").

7. Based on the foregoing, Defendant and its agents, employees, servants, representatives, officers, directors, shareholders, subsidiaries, affiliates, and all of their successors and assigns and any and all persons acting in concert with them (collectively "the Enjoined Persons") are permanently and perpetually enjoined and restrained from doing any of the following, directly or indirectly, and from aiding, abetting, or inducing anyone else to do any of the following and from contributing to anyone else doing any of the following:

    a. Using, aiding, abetting, inducing or licensing any other party to use, any trademark or trade name that incorporates

        (i) any trademark owned by IR including, but not limited to, the IR Marks and the ULTRA COOLANT mark, either alone or in combination with any other words or design elements, or

        (ii) any other mark which so resembles any trademark owned by IR including, but not limited to, the IR Marks and the ULTRA COOLANT mark, as to be likely to cause confusion, deception or mistake,

on or in connection with the manufacture, advertisement, promotion, offering for sale, or sale of any goods or services not originating with, sponsored by or authorized entirely by IR;

b. Passing off, inducing or enabling others to pass off any product or service, as manufactured by, originating with, sponsored by or authorized by IR, including, but not limited to, the offering for sale and/or selling of the IR coolant that Defendant repackaged and offered for sale and/or sold using the IR marks, the ULTRA COOLANT mark and IR's MSDS's as referenced in the Complaint, if said product or service did not originate with or was not manufactured or authorized by IR;

c. Repackaging any IR ULTRA COOLANT for resale unless the coolant/lubricant is purchased directly from IR or an IR authorized distributor.

d. Repackaging for resale any coolant/lubricant alleged to be "the same as" IR ULTRA COOLANT purchased from any entity or source.

e. Taking any actions that cause or tend to cause third parties to believe that Defendant is an authorized distributor of IR, registered dealer or

service center of IR or otherwise affiliated with IR, including, but not limited to, maintaining signage displaying the IR Marks in any confusing or misleading manner; using IR's MSDS's in connection with Defendant's products in any confusing manner; making representations to third parties, either implicitly or explicitly, concerning authorization from or affiliation with IR, maintaining any telephone directory listings, maintaining web sites or internet links, maintaining any advertisements, or using any signage, letterhead, or business cards incorporating in any confusing or misleading manner to suggest any affiliation or sponsorship, any trademark owned by IR including, but not limited to, the IR Marks and the ULTRA COOLANT mark, or any colorable imitation of those marks;

f. Engaging in any deceptive or unfair trade practices or in any untrue, deceptive or misleading advertising involving IR or any trademark owned by IR or variations thereof; and

g. Diluting or infringing the rights of IR in and to all trademarks owned by IR.

8. The Defendant is not otherwise precluded from using IR MSDS's as required by law or if requested by Defendant's customers so long as Defendant refrains from using IR MSDS's in such a way as to mislead customers that there is an association between Defendant and IR. This agreement also does not preclude Defendant from

buying and selling IR OEM products including, but not limited to, parts and lubricants, in the aftermarket industry to customers who have IR equipment.

9.  Within five (5) days after the entry of this Judgment, Defendant must provide a sworn statement to counsel for IR attesting to the destruction of any products, devices, packaging, literature, advertising, and any other material intended for customers which were not manufactured by or originate with IR, but which bear any trademark owned by IR including, but not limited to, the IR Marks and the ULTRA COOLANT mark.  Such items include, but are not limited to, containers of coolant that were not manufactured by or originate with IR, whether empty or full, that display any trademark owned by IR, and all originals and copies of any of IR's MSDS's.

10. Within five (5) days after the entry of this Judgment, Defendant must provide to IR the following:  (a) all alleged IR ULTRA COOLANT in Defendant's possession at the time of entry of this Judgment; and (b) the names and addresses of all entities/sources from which Defendant purchased coolant/lubricant, including, but not limited to, the alleged IR ULTRA COOLANT at issue in the Complaint and coolant/lubricant alleged to be "the same as" IR ULTRA COOLANT, for the past five (5) years.  IR agrees it will not use the entities/sources information from Defendant to engage in unfair trade practices or restrictions generally, and specifically will not preclude its IR affiliates, distributors, dealers, or others who sell IR OEM products from selling IR OEM lubricants, coolants, or parts to Defendant at "fair market" discounts.

11. Defendant must file with the Court and serve on IR within ten (10) days after entry of this Judgment, a written report, under oath, setting forth the manner in which it has complied with this Judgment.

12. If IR or Defendant discovers that the other party is in breach this Judgment, then IR or Defendant shall give the breaching party written notice by facsimile and Federal Express of the alleged breach.  If the breach is not cured within ten (10) business days of the receipt of the notice, the non-breaching party may apply to this Court for relief, including the imposition of sanctions.

13. The prevailing party in any proceeding to enforce the terms of this Judgment shall be entitled to recover all expenses and costs incurred in connection therewith.

14. Jurisdiction is retained by this Court for the purpose of ensuring compliance with the terms of this Judgment and for enabling the parties to apply to this Court for further orders.

**IT IS SO ORDERED.**

Dated this 12th day of April, 2006.

BY THE COURT:

/s/ *Roger Vinson*
Senior United States District Judge